UNITED STATES v. RUSCH & CO.    TITUS BLATTER & CO. v. UNITED STATES.    QUAINTANCE v. SAME.

(Circuit Court, S. D. New York.    March 2, 1908.)

Nos. 4,736, 5,090, 5,091.

CUSTOMS DUTIES—CLASSIFICATION—COTTON CLOTH WITH COLORED FIGURES.

Under Tariff Act July 24, 1897, c. 11, § 1, Schedule I, pars. 305–309, 30 Stat. 175–177 (U. S. Comp. St. 1901, pp. 1656–1658), providing for "colored" cotton cloths, the character of the fabrics as colored is determined by the condition of the warp and filling threads alone; and cottons having colored figures, but an uncolored foundation, are not "colored," within the meaning of the tariff act, though the figures may cover most of the foundation fabric and have on the eye the effect of a colored fabric.

On Application for Review of Decisions by the Board of United States General Appraisers.

For decisons below, see G. A. 6,492 (T. D. 27,762) and G. A. 6,670 (T. D. 28,447), relating to importations at the port of New York. The former reversed the assessment in the Rusch Case, and the latter affirmed the assessment in the Blatter and Quaintance Cases.

Comstock & Washburn (Albert H. Washburn, of counsel), for importers.

J. Osgood Nichols, Asst. U. S. Atty.

HOUGH, District Judge. The "countable clauses" of the cotton schedule of Tariff Act July 24, 1897, c. 11, § 1, 30 Stat. 175–177 (U. S. Comp. St. 1901, pp. 1656–1658)—Schedule I, pars. 305–309—provide a method of assessing duty on cotton cloth depending upon the number of threads therein to the square inch, whether the fabric is bleached or not, and whether or not the same is "dyed, colored, stained, painted or printed." Paragraph 310 defines the phrase "cotton cloth," making the test ability to count the warp and filling threads, whether the fabric be "figured, fancy or plain." Paragraph 313 provides additional duty for cloths in which other than the ordinary warp and filling threads have been introduced to form a figure, and declares that such duty shall be paid without regard to whether the cloth be unbleached, bleached, dyed, colored, stained, painted, or printed.

The merchandise here in question is certainly cotton cloth under paragraph 310, and it contains figures, introduced in the manner de-

scribed in paragraph 313; but the introduction of colored threads, and elaboration of ornamental designs thereby, has been carried so far that in some cases the warp and filling threads have become almost invisible, and the effect on the eye is that of a colored fabric. The board decisions under review are irreconcilable. In the Rusch Case the opinion follows U. S. v. Beer (C. C.) 143 Fed. 918, which supports G. A. 2,934 (T. D. 15,834); and that decision laid down the general rule that:

"It is the body of the fabric, the warp and filling, that determines its character as cotton cloth, and brings it within the scope of the countable clauses of the tariff act of 1897."

From the Beer Case there was no appeal. But the doctrine of that decision the board finds it impossible to apply in the Blatter and Quaintance Cases, finding themselves confronted with very extreme instances of extraordinary colored threads covering most of the originally woven surface, and therefore holds the goods "colored" by such excessive ornamentation. Where is the line to be drawn? Just how much of the bleached or unbleached warp and filling must be visible, to prevent the additional threads being held to color the entire fabric for dutiable purposes? And what will be the result if ornamentation as excessive as any in colored threads be applied without color? And, again, if the extraordinary threads be held to color the cotton cloth, will they also subject the article to additional duty under paragraph 313?

To these queries I find no answer in the record, or on argument, except the suggestion that a reasonable interpretation must be given to the word "colored." This can only mean that some appraiser shall look at the cloth and judge whether it is or is not sufficiently covered with colored designs to be called "colored cotton cloth." Such a method of decision does not recommend itself. Yet I can see no logical standing ground between that method and the simple standard of the Beer Case.

The Rusch decision is affirmed, and the rulings on the protests of Quaintance and Blatter reversed.